# EXHIBIT A

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

March 09 2026 8:30 AM

PIERCE COUNTY CLERK
NO: 26-2-06808-4

# SUPERIOR COURT OF THE STATE OF WASHINGTON

## COUNTY OF PIERCE

| | |
|---|---|
| ANTONIO R. PAGANO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STELLA-JONES CORPORATION; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.:<br><br>SUMMONS (20 DAYS) |

SUMMONS
Page 1

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

TO THE DEFENDANT Stella-Jones Corporation: A lawsuit has been started against you in the above-entitled court by Antonio R. Pagano, individually and on behalf of all others similarly situated, Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgement may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what Plaintiff asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgement may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so your written response, if any, may be served on time.

////

///

///

///

///

///

///

///

///

///

SUMMONS
Page 2

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 6th day of March 2026

Respectfully submitted,

**CROSNER LEGAL, PC**

By: _____

Jamie K. Serb (WSBA No. 62065)
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
jamie@crosnerlegal.com
Attorneys for Plaintiff,
Antonio R. Pagano

SUMMONS
Page 3

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

March 09 2026 8:30 AM

PIERCE COUNTY CLERK
NO: 26-2-06808-4

## SUPERIOR COURT OF THE STATE OF WASHINGTON

## COUNTY OF PIERCE

| | |
|---|---|
| ANTONIO R. PAGANO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STELLA-JONES CORPORATION; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES** |

CLASS ACTION COMPLAINT
Page 1

**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

Plaintiff, Antonio R. Pagano ("Plaintiff"), by and through the undersigned attorneys, individually and on behalf of all others similarly situated, alleges as follows:

## I.    NATURE OF THE ACTION

1.1    This is a proposed wage-and-hour class action brought under the Washington Industrial Welfare Act ("IWA") and the Washington Minimum Wage Act ("MWA") seeking injunctive relief and damages for Defendants' failure to provide and pay for legally required meal and rest breaks; failure to pay all owed minimum wages; failure to pay all owed overtime wages; and failure to pay properly calculated sick leave.

## II.    JURISDICTION & VENUE

2.1    This Court has jurisdiction under RCW 2.08.010 because Plaintiff seeks damages in excess of three hundred dollars.

2.2    Venue is proper in Pierce County, pursuant to RCW 4.12.025(1)(a)-(c), (3)(b), because Defendants reside in Pierce County, Washington, Defendants transact business in Pierce County, and Defendants employed at least some of the Class Members to work in the State of Washington and Pierce County.

## III.    THE PARTIES

3.1    Plaintiff is, and at all relevant times, was an individual domiciled in the State of Washington and a citizen of the State of Washington. Plaintiff was employed by Defendants as a non-exempt, hourly-paid, employee from in or around May 2014 through in or around August 2025. Plaintiff worked for Defendants as a non-exempt, hourly-paid, timber grader, yard operator, scaler, and/or similar job titles/positions, from approximately May 2014 through Plaintiff's last day worked in or around January 2025.

3.2    Defendant, Stella-Jones Corporation ("Defendants" or "Stella-Jones"), is a Delaware company doing business in the State of Washington. Defendants own, operate, manage, and/or staff employees to work at various manufacturing, distribution, and wood treatment facilities in Washington State and beyond. Defendants operate a leading North American

CLASS ACTION COMPLAINT
Page 2

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

manufacturing business focused on supporting infrastructure, supplying treated wood and steel utility poles, railway ties, timbers, and residential lumber to electrical utilities, railroad operators, and retailers across the continent. Through their business operations, Defendants maintain a significant corporate and operational presence and transact substantial business within Pierce County, including their active corporate office and treating facility in Tacoma. Defendants also operate numerous locations in cities in Washington outside of Pierce County, including but not limited to Arlington, Bellingham, Curtis, Chehalis, and Rochester.

3.3    Additional individuals, known to Defendant Stella-Jones but not yet identified by Plaintiff (and identified herein as Does 1-20) manage employees on behalf of Stella-Jones and are statutory employers under Washington law because of their managerial role with the company.

### IV. CLASS ALLEGATIONS

4.1    Plaintiff brings this action on behalf of Plaintiff, and all others similarly situated as a proposed class action pursuant to CR 23. The Class that Plaintiff seeks to represent is defined as follows:

> Class Members: All current and former hourly-paid employees who worked for any one or more of the Defendants at any location in Washington State at any time from three years prior to the filing of the Complaint through the date of the Court's order certifying the Class ("Class Period").

4.2    Plaintiff reserves the right to amend or modify the class description with greater specificity, by division into further subclasses, or by limitation to particular issues.

4.3    There are at least one hundred current and former hourly-paid employees of Defendants in the Class. Given Defendants' systematic failure to comply with Washington wage and hour laws and regulations regarding the payment of missed and/or interrupted rest periods and late, missed, and/or interrupted first meal periods, and the underpayment of wages, the members of the Class are so numerous that joinder of all members is impractical.

CLASS ACTION COMPLAINT
Page 3

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

4.4    Plaintiff's claims are typical of the claims of the Class Members because (1) Plaintiff is a member of the putative class; (2) Plaintiff's claims stem from the same practice or course of conduct that form the basis of the Class claims; (3) All of the Class claims are based on the same facts and legal theories; (4) The injuries that Plaintiff suffered are similar to the injuries that other Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

4.5    Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any Class Member. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.

4.6    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiff and Class Members are the following:

a.    Whether Defendants violated WAC 296-126-092 by failing to provide statutory meal periods and rest periods, and failing to compensate Plaintiff and Class Members for missed and/or otherwise noncompliant rest periods and late, missed, interrupted and/or otherwise noncompliant meal periods, as well as the lost opportunity to have the respite of a meal and/or rest period;

b.    Whether Defendants have an official or unofficial policy, custom, pattern, and practice of understaffing their locations and permitting or requiring Plaintiff and Class Members to work through meal and/or rest periods, have interrupted meal and/or rest periods, or have untimely meal and/or rest periods;

c.    Whether Defendants maintained an adequate system for scheduling Plaintiff's and Class Members' rest periods;

CLASS ACTION COMPLAINT
Page 4

d.  Whether Defendants maintained an adequate system for ensuring that Plaintiff and Class Members could take timely meal and/or rest periods;

e.  Whether Defendants maintained an adequate system to record missed, late, interrupted and/or otherwise noncompliant meal and/or rest periods;

f.  Whether Defendants have insufficient record-keeping on a systemic level;

g.  Whether Defendants' violations of wage and hour laws were willful and are, therefore, liable for double damages under RCW 49.52.050 and 49.52.070;

h.  Whether Defendants violated RCW 49.46.130 by failing to pay Plaintiff and Class Members for overtime wages due at the rate of 1.5 times their regular rate of pay for all hours worked over 40 hours per week, inclusive of hours worked when working through their meal and/or rest breaks and/or for the meal and/or rest periods that were not provided or interrupted;

i.  Whether Defendants violated RCW 49.46.210 by failing to furnish all owed paid sick leave at the correct rate of pay;

j.  Plaintiff anticipates that Defendants' defenses will also raise common questions of law and fact; and

k.  The nature and extent of class-wide damages and the measure of damages for the Class.

4.7  Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

CLASS ACTION COMPLAINT
Page 5

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

efficiently, and without duplication of effort, or expense that numerous individuals would otherwise entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.

4.8     Defendants' actions are generally applicable to each of the Class Members. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which in turn, would establish incompatible standards of conduct for Defendants.

4.9     Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

## V. FACTUAL BACKGROUND

5.1     During the Class Period, Plaintiff and each of the Class Members worked for Defendants in the State of Washington.

5.2     Defendants assigned Plaintiff to work at one of Defendants' locations in Curtis, Washington. Throughout Plaintiff's employment, Plaintiff typically worked shifts lasting at least approximately eight (8) to thirteen (13) hours long, at times working shifts lasting longer than fifteen (15) hours. At times, Plaintiff worked more than forty (40) hours in a workweek.

5.3     Defendants compensated Plaintiff with a base hourly rate for time counted by Defendants as hours worked.  At times, Plaintiff was compensated with a base hourly rate of approximately $25.34 per hour. At times, Defendants also compensated Plaintiff with non-discretionary bonus/incentive pay and/or other non-discretionary pay.

**Meal and Rest Period Violations**

5.4     Washington law demands that employees be allowed a meal period of at least thirty

CLASS ACTION COMPLAINT
Page 6

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

minutes that starts no less than two hours nor more than five hours from the beginning of the shift and prohibits any employee from being required to work more than five consecutive hours without or between meal periods. Washington law also requires a 10-minute rest break every four hours. WAC 296-126-092(1)–(4).

5.5    Defendants routinely failed to provide compliant meal and rest periods for employees in Washington State. Hourly employees, including Plaintiff, often worked through required breaks, were forced to take them late, or were not given them at all.

5.6    For example, Plaintiff and other Class Members were sometimes required to work during meal breaks. For example, Plaintiff was on multiple occasions denied a first meal period entirely, working full shifts without receiving any meal break. For example, a small sample of Defendants' time records for Plaintiff for 2025 shows that on January 22, 2025, Plaintiff clocked in and worked at least approximately 8.0 hours without any meal period being provided. On January 23, 2025, Plaintiff again worked a full 8.0-hour shift with no meal break documented in Defendants' records. On January 24, 2025, Plaintiff similarly worked at least approximately 8.0 hours without any meal break. Defendants' time records reflect the same pattern on January 1, 2, 3, 8, 9, and 10, 2025, each showing a full 8.0-hour shift without any meal period provided to Plaintiff.

5.7    Also, Plaintiff was sometimes interrupted and required to return to work during unpaid meal breaks due to the need to complete assigned job duties.

5.8    When Plaintiff worked three or more hours beyond Plaintiff's normal workday, Plaintiff did not receive a second meal period.

5.9    For example, Defendants' time records show Plaintiff on occasion worked a shift lasting longer than 10.5 hours with only a single meal break provided. For example, on August 29, 2023, Plaintiff clocked in at 2:30 PM, took a single meal break from 6:00 PM to 6:30 PM, and clocked out at 6:00 AM the following morning, working a total of 15.5 hours (fifteen (15) hours and thirty (30) minutes) with only one meal break and no second meal period provided. On

CLASS ACTION COMPLAINT
Page 7

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

September 21, 2023, Plaintiff clocked in at 2:30 PM, took a single meal break from 6:00 PM to 6:30 PM, and again clocked out at 6:00 AM the following morning, working a total of 15.5 hours (fifteen (15) hours and thirty (30) minutes) with only one meal break and no second meal period provided.

5.10     Additionally, Defendants' time records reveal a pattern showing that Plaintiff's meal periods were not accurately recorded but were instead systematically recorded as exactly thirty (30) minutes in duration and uniformly entered at quarter-hour, half-hour, or whole-hour intervals, regardless of when Plaintiff's meal period actually began or ended. Across 2024 and 2025, most if not all documented meal periods in Defendants' records reflect a duration of precisely thirty (30) minutes. Moreover, most if not all recorded meal periods begin and end on the quarter hour mark (e.g., 9:15 AM, 9:30 AM, 9:45 AM, 10:00 AM). Defendants' raw time data, by contrast, records Plaintiff's clock-in and clock-out times to the precise second, demonstrating that the timekeeping system was capable of capturing actual start and end times. For example, on January 14, 2025, Plaintiff clocked in at 5:59:29 AM and clocked out at 12:54:27 PM, yet his meal period was recorded as exactly 9:30 AM to 10:00 AM — a perfect thirty-minute, on-the-quarter-hour entry. On January 15, 2025, Plaintiff clocked in at 6:01:19 AM and clocked out at 2:25:24 PM, with his meal period again recorded as exactly 9:30 AM to 10:00 AM. On January 16, 2025, Plaintiff clocked in at 6:01:10 AM and clocked out at 2:25:05 PM, with his meal period again entered as precisely 9:30 AM to 10:00 AM. On January 20, 2025, Plaintiff clocked in at 6:07:13 AM and clocked out at 2:28:07 PM, and again his meal period was recorded as exactly 9:30 AM to 10:00 AM. The uniformity of these entries — exact thirty-minute durations, always at quarter-hour mark— is inconsistent with the accurate recording of actual meal periods and instead reflects a systematic practice of recording a standardized meal deduction rather than the time Plaintiff actually spent on meal break, resulting in the undercounting and/or shaving of Plaintiff's compensable work time and record-keeping violations.

5.11     Defendants did not compensate Plaintiff and Class Members with an additional

CLASS ACTION COMPLAINT
Page 8

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

thirty minutes of work time for instances in which they were not provided required, timely 30-minute uninterrupted meal periods.

5.12    Plaintiff and other Class Members were also at times denied required rest periods because they were required to work through part or all of their rest periods, take late rest periods or take rest periods that were shorter than ten minutes long.

5.13    For example, Plaintiff was often interrupted during rest breaks and/or otherwise required to remain on duty during rest breaks, resulting in denied rest breaks. Also, Plaintiff was not provided with an off-duty rest period of at least ten (10) minutes for every four (4) hours worked, and Plaintiff was frequently required to work more than three (3) consecutive hours without a compliant rest break. For example, Defendants did not provide second rest breaks before the eighth hour of work nor third rest breaks before the twelfth hour of work despite Plaintiff regularly working shifts lasting at least approximately eight (8) to thirteen (13) hours and at times working shifts exceeding fifteen (15) hours. By way of example, based on information and belief, Plaintiff worked eight (8) consecutive hours without being provided with two (2), ten (10)-minute, off-duty rest periods each shift during work weeks beginning on including but not limited to the following dates: January 19, 2025, January 5, 2025, and December 29, 2024. Also, based on information and belief, Plaintiff was not provided with three (3), ten (10)-minute, off-duty rest periods on including but not limited to the following shifts exceeding ten (10) hours: May 1, 2024, September 21, 2023, and August 29, 2023.

5.14    Defendants failed to compensate Plaintiff for each missed or otherwise legally noncompliant rest period.

5.15    Defendants had no policy or practice to accurately schedule meal or rest periods, to allow Plaintiff and Class Members to record their missed or otherwise noncompliant meal and rest periods, or to compensate for missed rest and meal breaks.

5.16    Defendants' violations were willful and not a result of inadvertence or carelessness.

5.17    There was no bona fide dispute regarding the payment of wages.

CLASS ACTION COMPLAINT
Page 9

**Failure to Pay Minimum and Overtime Wages**

5.18    Defendants engaged in a common course of failing to provide Plaintiff and Class Members with ten minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break, resulting in the deprivation of wages owed, in violation of Washington law, including but not limited to, the MWA.

5.19    Also, Defendants required Plaintiff and other Class Members to complete work tasks prior to clocking in for the start of shifts, after clocking out for the end of shifts, during unpaid meal periods and/or otherwise outside of scheduled shift times, resulting in Defendants' failure to compensate them for all hours worked and the underpayment of wages owed.

5.20    For example, as described above, Defendants had a systematic practice of recording a standardized meal deduction rather than the time Class Members actually spent on meal breaks, resulting in the undercounting and/or shaving of Class Members' compensable work time, Defendants' failure to compensate Class Members for all hours worked and the underpayment of wages owed.

5.21    Also, Defendants engaged in systemic time-rounding practices. For example, a small sample of Defendants' time records for Plaintiff, including but not limited to the following workdays, evidence systematic rounding of Plaintiff's clock-in and clock-out times to the nearest fifteen-minute increment, which at times resulted in Defendants' failure to compensate Plaintiff for all hours worked and the underpayment of wages owed, in violation of Washington law, including but not limited to the MWA: on August 28, 2024, Plaintiff's raw clock-in time was 6:12:27 AM, which Defendants rounded to 6:15 AM, depriving Plaintiff of approximately two and one-half (2.5) minutes of compensable time at the start of the shift; and on December 2, 2024, Plaintiff's raw clock-in time was 6:08:55 AM, which Defendants rounded to 6:15 AM, and Plaintiff's raw clock-out time was 2:34:02 PM, which Defendants rounded back to 2:30 PM, depriving Plaintiff of approximately six (6) minutes of compensable time at the start of the shift

CLASS ACTION COMPLAINT
Page 10

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

and approximately four (4) additional minutes at the end of the shift, for a net loss of approximately ten (10) minutes of compensable time in a single workday. Further evidencing Defendants' practice of systematically shaving compensable time, Defendants' records consistently reflect paid hours that are precisely thirty (30) minutes less than total hours worked — for example, 8.5 total hours recorded as 8.0 hours paid, and 8.75 total hours recorded as 8.25 hours paid — in each instance reflecting a uniform, precisely thirty-minute meal deduction applied across hundreds of shifts regardless of whether Plaintiff's meal period was actually thirty minutes in duration or was taken uninterrupted.

5.22 Failure to Pay Overtime: Additionally, because of off-the-clock work including but not limited to time spent working during meal periods, Plaintiff and other Class Members at times worked more than forty hours per week for which they were not paid overtime compensation.

5.23 Improper Overtime Rate Calculation: Defendants further violated overtime laws by failing to incorporate all non-discretionary compensation (e.g., non-discretionary bonus/incentive pay) into the regular rate of pay used to calculate the overtime rate, resulting in the miscalculation of the owed overtime rate and the underpayment of wages owed. For example, Defendants compensated Class Members with bonus-incentive pay and other non-discretionary pay during periods in which the Class Members worked overtime, yet Defendants did not incorporate all non-discretionary compensation into the rate of pay used to calculate the owed overtime rate, resulting in the miscalculation of the owed overtime rate and the underpayment of overtime wages owed. For example, in the pay period beginning on December 4, 2023, Defendants' wage statements for Plaintiff show Plaintiff earned bonus/incentive pay and/or non-discretionary pay during the same period Plaintiff earned overtime, but Defendants failed to incorporate all non-discretionary pay into the normal hourly compensation used to calculate the owed overtime rate, resulting in the miscalculation of the owed overtime rate and the underpayment of overtime wages.

### Failure to Pay All Sick Leave

5.24 Similar to the overtime pay miscalculation, Defendants also failed to properly

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

accrue all owed sick leave by failing to incorporate all non-discretionary compensation when calculating the owed sick leave pay, thereby miscalculating and underpaying all owed sick leave pay. For example, Defendants' wage statements for Plaintiff for the pay period beginning November 18, 2024 show that Defendants failed to incorporate all non-discretionary compensation into the base rate of pay when calculating the owed sick time pay, resulting in the miscalculation and underpayment of sick time wages.

5.25    Defendants further failed to provide Plaintiff with notice of rights under state law, including but not limited to notice regarding the amount of paid sick leave available and the proper rate of accrual.

5.26    At times, Defendants failed to maintain adequate records of the hours worked and the missed, late and/or interrupted meal periods and rest periods for Plaintiff and other Class Members as required by RCW 49.46.070.

### VI. FIRST CAUSE OF ACTION
**Failure to Compensate for Noncompliant Meal and Rest Periods**
**RCW 49.12; WAC 296-126-092**
**On Behalf of Plaintiff and Class Members**

6.1    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

6.2    Under *Wingert v. Yellow Freight Sys., Inc.,* 146 Wn.2d 841, 847–51, 50 P.3d 256, 259–61 (2002), RCW 49.12 creates an implied cause of action for unpaid wages, including wages owed under duly promulgated regulations.

6.3    WAC 296-126-092(1) requires that employees receive a 30-minute meal period commencing no sooner than the second hour and no later than the fifth hour of the shift, and that no employee may work more than five consecutive hours without a meal period. Meal periods must be on the employer's time if the employee is required to remain on duty or on the premises.

6.4    WAC 296-126-092(4) requires that employees receive a 10-minute paid rest break for each four hours of work, scheduled as near as possible to the midpoint of the work period, and prohibits requiring employees to work more than three consecutive hours without a rest break.

CLASS ACTION COMPLAINT
Page 12

6.5    "On the employer's time" means rest breaks are compensable. *Wingert*, 146 Wn.2d at 847–51, 50 P.3d at 259–61. Washington courts have further held that employers must pay for missed meal periods, *Pellino v. Brink's Inc.*, 164 Wn. App. 668, 690–93, 267 P.3d 383 (2011), and for missed rest breaks, *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn.2d 507, 523–24, 415 P.3d 224, 230–31 (2018).

6.6    Most recently, the Washington Court of Appeals confirmed that the Industrial Welfare Act grants employees not only the right to a 30-minute meal break but also a distinct remedy for its deprivation: "30 minutes of wages is an appropriate measure of damages for such a deprivation." *Androckitis v. Virginia Mason Med. Ctr.*, 32 Wash. App. 2d 418, 430, 556 P.3d 714, 723 (2024), review denied, 4 Wash. 3d 1007, 563 P.3d 448 (2025). Similarly, employees are entitled to unpaid straight or overtime pay—as appropriate depending on the total number of hours—when they do not receive paid rest breaks. *Wash. State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 175 Wn.2d 822, 832, 287 P.3d 516, 521 (2012).

6.7    Defendants failed to provide Plaintiff and Class Members with rest periods at required times and 30-minute uninterrupted meal breaks no later than the fifth hour of their shifts.

6.8    Defendants failed to compensate Plaintiff for these missed or otherwise legally noncompliant meal and rest periods.

6.9    Defendants maintained no policy or practice to ensure actual 30-minute breaks were taken for meals. Based on information and belief, at times, Defendants engaged in unauthorized time editing / time shaving and/or deducted at least thirty (30) minutes per shift for meal periods that were less than a full thirty minutes and/or otherwise noncompliant.

6.10    As a direct and proximate result of Defendants' violations and their willful intent to deprive Plaintiff and Class Members of all owed wages for all missed or otherwise noncompliant meal period and rest periods, Defendants deprived Plaintiff and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

CLASS ACTION COMPLAINT
Page 13

## VII. SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wages
### RCW 49.46 et seq.
### On Behalf of Plaintiff and Class Members

7.1    Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

7.2    Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("MWA"), RCW 49.46 et seq. If an employer fails to do so, the statute requires payment of the full amount of wages owed at the minimum wage rate, less any amounts already paid.

7.3    Defendants failed to pay Plaintiff and Class Members for all hours worked.

7.4    Defendants engaged in a common course of failing to provide Plaintiff and Class Members with ten minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break.

7.5    Additionally, Defendants required Plaintiff and Class Members to complete off-the-clock work tasks, resulting in Defendants' failure to compensate Plaintiff and Class Members for all work time.

7.6    Defendants also deprived Plaintiff and other Class Members of earned wages by failing to reimburse for all necessary business expenses and/or by failing to pay and/or properly accrue all owed sick leave/paid time off wages, resulting in the deprivation of wages owed in violation of the MWA.

7.7    As described herein, Defendants engaged in unauthorized time editing/rounding of Class Members' total hours worked, resulting in Defendants' failure to compensate Class Members for all hours worked and the underpayment of wages owed.

7.8    As a result of Defendants' unlawful acts, Plaintiff and the Class Members have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46.090, are entitled to recover such amounts, including exemplary damages, interest, attorneys' fees, and costs.

CLASS ACTION COMPLAINT
Page 14

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

## VIII. THIRD CAUSE OF ACTION
### Failure to Pay Overtime Wages
### On Behalf of Plaintiff and Class Members

8.1     Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

8.2     The MWA at RCW 49.46.130 states in pertinent part, "that no employer shall employ any of his or her employees for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he or she is employed."

8.3     The MWA entitles employees to "compensation for regular hours worked and for any overtime hours worked." *Stevens v. Brink's Home Sec., Inc.,* 162 Wn.2d 42, 47, 169 P.3d 473, 475 (2007). "Hours worked" is defined as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." *Id.* (citing WAC 296-126-002(8)).

8.4     As set forth above, during workweeks in which Plaintiff and Class Members worked more than forty hours, inclusive of both hours worked when working through or during their breaks or for meal and rest periods that were not provided and any additional labor time owed for missed breaks, Defendants violated MWA by failing to pay Plaintiff and the Class Members at the overtime rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 in such workweeks. *Wash. State Nurses Ass'n,* 175 Wn.2d at 832.

8.5     Defendants also failed to incorporate all non-discretionary compensation into the regular rate of pay for purposes of calculating the owed overtime rates of pay, resulting in the miscalculation of the owed overtime rates and the underpayment of overtime wages owed.

8.6     As a direct and proximate result of Defendants' violations and their willful intent to deprive Plaintiff and Class Members of overtime wages owed, Defendants deprived Plaintiff and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

CLASS ACTION COMPLAINT
Page 15

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

## IX. FOURTH CAUSE OF ACTION
### Violation of RCW 49.46.210
### On Behalf of Plaintiff and Class Members

9.1    Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

9.2    Defendants' failure to provide all owed paid sick leave to Plaintiff and other Class Members constitutes a violation of RCW 49.46.210.

9.3    As a result of Defendants' unlawful acts, Plaintiff and the Class Members have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46.090, are entitled to recover such amounts, including interest thereon, attorneys' fees, and costs.

## X. PRAYER FOR RELIEF

Wherefore Plaintiff, on behalf of Plaintiff and Class Members, prays for judgment against Defendants as follows:

A. An Order that this action may proceed and be maintained as a class action, and certifying the Class as defined above for the Class periods defined above;

B. An award of damages to Plaintiff and Class Members in the amount of their missed and unpaid meal period and rest period wages, and for unpaid overtime wages for hours worked over 40 hours in a week;

C. Exemplary damages in amounts equal to double the wages due to Plaintiff and Members of the Class pursuant to RCW 49.52.070 for any time during the Class Period;

D. An injunction declaring Defendants violated RCW 49.46.210, and RCW 49.52.050 by failing to accrue and provide all owed paid sick leave and requiring Defendants to adopt a paid sick leave policy that complies with state law;

E. Attorneys' fees and costs, as allowed by law, including RCW 49.46.090(1), 49.48.030, and 49.52.070;

CLASS ACTION COMPLAINT
Page 16

F. Prejudgment interest; and

G. All other relief this Court deems proper.

Dated: March 6, 2026

**CROSNER LEGAL, PC**

By: _____
Jamie K. Serb (WSBA No. 62065)
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
jamie@crosnerlegal.com
Attorneys for Plaintiff,
Antonio R. Pagano

CLASS ACTION COMPLAINT
Page 17

**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429